IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                 )<br>            Plaintiff,        )<br>                                                 )<br>    vs.                              )<br>                                                 )<br>THOMAS PARK,                )<br>                                                 )<br>            Defendant.       ) | Case No. 4:06CR3097<br><br>**TENTATIVE**<br>**FINDINGS** |

I am in receipt of the revised presentence investigation report and addendum in this case. Except for the objections (filings 42 and 43) by the defendant and the government for enhancement due to distribution of child pornography, there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1)  The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2)  I sustain the objections to the two level enhancement for distribution of

child pornography. "Distribution" under U.S.S.G. § 2G2.2(b)(3)(F) requires proof that the defendant had knowledge that dissemination of a pornographic image was threatened by his or her behavior. See U.S.S.G. § 2G2.2(b)(3)(F) & n. 1 (definition of "distribution"; giving examples, including possession with "*intent* to distribute . . . material involving the sexual exploitation of a minor.") (Emphasis added). I agree with the probation officer that, normally, saving a pornographic image to a file sharing program would be enough to prove the requisite degree of knowledge.[1] Id. (Giving as an example of "distribution," "posting material involving the sexual exploitation of a minor on a website[2] for public viewing . . . .") However, the defendant asserts, and the government does not dispute, that "Park's knowledge of computers is very limited" and he "believed he was actually downloading this material, but did not realize others had access to the material on his hard drive." (Filing 43 (Brief).) Undisputed psychological testing lends credence to this assertion. That is, there is evidence from testing that Park's "thinking and mental processing appeared disorganized . . . ." (PSR ¶ 79.) Since the government has not indicated a desire to put on proof of "knowledge," and there is a good reason to think that the defendant lacked "knowledge," I will save us all some time.

(3)   Except to the extent (if at all) that I have reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

---

[1] Incidentally, the fact that I previously failed to impose this enhancement in another case where a file sharing program was involved proves nothing. If I erred in failing to impose the enhancement in that other case, I should not repeat the error again. Moreover, the propriety of such an enhancement was not raised in that other case. So, the other case can hardly stand as "precedent." (Perhaps the lawyers simply enjoy pointing out my mistakes. Nothing wrong with that!)

[2] I do not mean to suggest that it is always appropriate to assume that a "file sharing program" serves the same function as a "website."

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

December 21, 2006.  BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            United States District Judge