IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3097 |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS PARK, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before me for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody filed by the defendant (filing 54).[1]  The motion will be denied.

### I.  BACKGROUND

The defendant was charged (filing 1) with possession of child pornography. He appeared before Judge Piester and admitted that he was guilty.  (Filing 38 at

---

[1]When a § 2255 motion is forwarded to a judge,

> [t]he judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

CM/ECF pages 22-26 (transcript).)  The government's lawyer gave a detailed explanation of the factual basis for the plea and, while under oath, Park agreed that the information contained in the government's description of the factual basis was true.  (*Id.* at CM/ECF page 24.)

Thus, Park admitted that he was in possession of 10 videos containing child pornography and those videos were stored on his computer.  (*Id.* at CM/ECF pages 23-24.)  Park also admitted that one such video was three hours long and depicted "a female minor bound with a rope and being choked with a belt by what appeared to be an adult male."  (*Id.* at CM/ECF page 23.)  Park further admitted that he was a member of a "shared network" (LimeWire[2]) which meant that the files (including child pornography) he possessed were available to other members of the network.  (*Id.* at CM/ECF pages 22, 24.)  Park further admitted that some of the videos showed prepubescent minors.  (*Id.* at CM/ECF pages 23-24.)

Park told Judge Piester that no promises had been made to him by his lawyer about what the sentence would be under the Guidelines.  (Filing 38 at CM/ECF p. 21.)  Park swore to similar things in his written petition to enter a plea of guilty. (Filing 31 at CM/ECF p. 12, ¶ 36 (stating that no promises had been made aside from those set forth in the written plea agreement[3]; ¶ 37 (stating that no "officer, attorney, or any agent of any branch of the of government . . . promised, suggested or predicted that [that the defendant] will receive a lighter sentence, or probation or any other form of leniency . . . .")

I accepted Park's guilty plea (filing 39) and the matter proceeded to sentencing. Using the 2006 Guidelines, the probation officer conducted a thorough presentence

---

[2]*See* www.limewire.com.

[3]The written plea agreement contained no promises regarding sentence length. (Filing 32.)

report, and found the following:  (1) Park's base offense level was 18; (2) a 2-level increase was warranted because some of the images showed children who had not yet attained the age of 12; (3) a 2-level increase was warranted because the offense involved the potential for distribution of child pornography (by using LimeWire, a commercial file sharing program); (4) a 4-level increase was warranted because some of the images portrayed sadistic conduct; (5) a 2-level increase was warranted because the offense involved a computer; and (5) a 5-level increase was warranted because the offense involved 600 or more images.[4]  (Filing 51 at CM/ECF p. 8, ¶¶ 32-37.)  With an adjustment for acceptance of responsibility, Park's custodial Guidelines range became 120 months (capped by the statutory maximum) given his criminal history category of III and total offense level of 30.  (*Id.* at CM/ECF p. 19, ¶ 93.)

Park was represented by Mike Hansen, an Assistant Federal Public Defender. Hansen is very experienced, and very competent.  He objected to the presentence report, arguing that although Park may have had the technical ability to distribute the child pornography via a file sharing program simply allowing others to access his files, Park lacked an understanding of the software and thus the defendant lacked the knowledge to distribute the illegal wares that he possessed.  (Filings 42 and 43.)  The government joined in the objection.  (Filing 41.)

I sustained the objection.  (Filing 44.)  As a result, the advisory Guidelines calculations were reduced this way: (1) the total offense became 28; (2) the criminal history category remained III, and (3) the custodial Guidelines range (capped at the high end by the statutory maximum) was lowered to 97-120 months.  (Filing 50).

On January 5, 2007, I sentenced the defendant to 97 months in prison and three years of supervised release.  (Filing 52.)  The defendant did not appeal.

---

[4]Under the Guidelines, each video is considered to have at least 75 images. U.S.S.G. § 2G2.2, comment (n.4) (2006).

On January 10, 2008, Park filed his 2255 motion.  (Filing 54.)  Although styled as a motion, on February 1, 2008, Park also filed a brief.  (Filing 55.)

In cases like this one, the clock for the one year statute of limitations begins to run when the "judgment of conviction becomes final[.]"  28 U.S.C. § 2255(f)(1). Park had 10 days after I entered judgment on January 5, 2007 to file an appeal.  *See* Fed. R. App. P. 4(b)(1).  Thus, even though Park did not appeal, the filing of Park's motion on January 10, 2008 was timely.  That is, the motion was filed prior to the expiration of one year and 10 days measured from the date sentence was imposed. *See*, *e.g.*, *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (finding that, for purposes of the one-year statute of limitations for section 2255 motions, "an unappealed federal criminal judgment becomes final ten days after it is entered").

## II.  ANALYSIS

Park raises two claims.  First, he argues that under *Apprendi*[5] I imposed an unlawful sentence because I enhanced his sentence based on facts that were not found by a jury.  (Filing 54 at CM/ECF page 4.)  Second, he asserts that his appointed counsel was not effective because the lawyer failed to object to the presentence report. (Filing 54 at CM/ECF page 5.)  In support of the second argument, he asserts that his counsel promised him a lighter sentence of between 3 and 4 years when the two men had their first meeting.  (*Id.*)  The files and records conclusively show that Park's claims are entirely lacking in merit.

First, for a whole host of reasons, there was no *Apprendi* violation that is cognizable in this section 2255 proceeding.  Although there are several reasons why this is true, I point out two of them for purposes of illustration.

---

[5]530 U.S. 466 (2000).

-4-

Procedurally, Park could have raised the *Apprendi* issue he raises now on direct appeal.  Since he did not appeal and since he has not shown that any of the recognized excuses for such a default[6] are applicable here, his sentencing claim is lost.  *See*, *e.g.,* *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001), *cert. denied*, 534 U.S. 1097 (2002) (Regarding an *Apprendi* claim that was not presented on direct appeal, affirming denial of 2255 motion and stating that "relief [pursuant to section 2255] is an extraordinary remedy which 'will not be allowed to do service for an appeal,'" and specifying that a "claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence.") (citations omitted); *Auman v. United States*, 67 F.3d 157, 160-61 (8th Cir. 1995) (holding that section 2255 does not provide relief for "garden-variety" sentencing issues that were not the subject of a direct appeal).

More substantively, when he made his guilty plea, Park admitted that each and every factual element forming the basis for the enhancements were true.  (Filing 38 at CM/ECF pp. 22-24.)  As a result, there was no Sixth Amendment violation under *Apprendi* or otherwise when he was sentenced based upon facts that he admitted were true.  *See*, *e.g.*, *United States v. Carpenter*, 487 F.3d 623, 625 (8th Cir. 2007) (where the judge used only facts admitted by guilty plea, defendant's sentence of 210 months did not violate the Sixth Amendment).

Second, and contrary to Park's assertion, his counsel *did* object to the presentence report regarding the enhancement for distribution, and that objection was sustained.  (Filing 44.)  Thus, Park's extremely able lawyer got him all the relief he was entitled to receive.

_____

[6]See *United States v. Perales*, 212 F.3d 1110, 1111 (8th Cir. 2000) (outlining three exceptions to the rule that ordinary sentencing questions not raised on direct appeal do not present cognizable § 2255  claims)

To the extent that Park now asserts that his counsel promised a lighter sentence, when pleading guilty Park repeatedly swore that no such promises were made to him. (Filing 31 at CM/ECF p. 12, ¶¶ 36 & 37; filing 38 at CM/ECF p. 21.)  He has failed to reconcile his earlier sworn statements with his present claim.  I, therefore, give no credence to his unexplained and suspect claim of a promise of sentencing leniency. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) ("While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings.") (internal quotations and citation omitted).

Still further, even if a sentencing estimate was provided, there is no showing that Park would have done anything different had that alleged statement not been made.  As a practical matter, the government could have easily convicted Park and proved the enhancements that drove Park's sentence.  Park might have lost three points for acceptance of responsibility for demanding a trial or falsely contesting the enhancements.  Given those risks, there is no reason to think that his lawyer's alleged estimate of sentencing exposure, apparently uttered when the two men first met, made any difference to Park's later decision to enter a plea of guilty.  In short, Park has failed to show that he was prejudiced by any statement his lawyer might have made to him about sentencing.  *Id.* at 704 (When a guilty plea is challenged based upon the ineffective assistance of counsel the "defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial."  (*quoting Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).

IT IS ORDERED that Park's section 2255 motion (filings 54 and 55) is denied.

A separate judgment will be entered.  The Clerk shall mail a copy of this memorandum and order and the judgment to the defendant.

      March 13, 2008.                  BY THE COURT:

                                    *s/Richard G. Kopf*
                                    United States District Judge